**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-3241

_____

GLORIA RAMIREZ–CAAL DE REYES,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA

_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(Agency No. A208-755-647)
Immigration Judge: Pallavi S. Shirole

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 22, 2021

Before: SMITH, *Chief Judge*, MATEY, and FISHER, *Circuit Judges*

(Opinion filed: July 8, 2021 )

_____

OPINION[*]

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Gloria Noemi Ramirez-Caal de Reyes, a native and citizen of Guatemala, petitions for review of the denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Finding no errors within the limited scope of our review, we will deny her petition.

## I. BACKGROUND

In early 2015, Douglas Ramos Corado, the longtime partner of Ramirez's daughter, was murdered. Ramirez suspected her own life was in danger, when the two men who informed her of Corado's death began harassing her. In July 2015, an armed man approached Ramirez and gave her a note with her children's names on it, demanding weekly payments, which Ramirez duly paid until she fled Guatemala. Scattered incidents of violence, including threats against her son for refusing to join a gang, an attempted assault of her daughter, and an attempted burglary at her daughter's house, all increased her concerns. So on December 23, 2015, Ramirez arrived in the United States without admission or inspection, and was placed in removal proceedings. Ramirez conceded removability but applied for asylum, 8 U.S.C. § 1158(b)(1), withholding of removal, 8 U.S.C. § 1231(b)(3), and protection under the CAT and implementing regulations, 8 C.F.R. § 208.16–18.

The Immigration Judge ("IJ") denied Ramirez's application for relief and ordered her removed. As to asylum and withholding of removal, the IJ determined that Ramirez's proffered particular social group, immediate family members of Douglas Ramos Corado, was not socially distinct. The IJ also found insufficient evidence that Ramirez was or would

2

be targeted because of her membership in Mr. Corado's family. The IJ also found that the harm she and her family experienced did not constitute persecution, and thus Ramirez had neither suffered past persecution, nor had an objectively reasonable fear of future persecution. The IJ also found insufficient evidence that the Guatemalan government was unable or unwilling to control the perpetrators of these acts. The IJ similarly concluded that Ramirez failed to show it was more likely than not that she would be tortured with the consent or acquiescence of a Guatemalan official and denied her CAT claim.

The Board of Immigration Appeals ("BIA") affirmed "for the reasons set forth by the [IJ]." (A.R. at 3.) The BIA agreed that Ramirez had not suffered persecution, that the Corado family was not sufficiently socially distinct to form a cognizable particular social group, and that Ramirez did not suffer harm because of her purported membership in the group. The BIA also agreed that Ramirez failed to prove she was entitled to CAT relief. Ramirez timely petitioned for review.[1]

## II. STANDARD OF REVIEW

We review the agency's findings of fact about an applicant's reasonable fear of persecution or torture for substantial evidence. *Romero v. Att'y Gen.*, 972 F.3d 334, 340 (3d Cir. 2020). Under this deferential standard, we "must uphold the agency's determination unless the evidence would compel any reasonable fact finder to reach a contrary result." *Gonzalez-Posadas v. Att'y Gen.*, 781 F.3d 677, 684 n.5 (3d Cir. 2015) (citing 8 U.S.C. § 1252(b)(4)(B)). We review the agency's legal determinations de novo,

---

[1] The BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(3). We have jurisdiction to review a final order of removal issued by the BIA under 8 U.S.C. § 1252(a).

including both pure questions of law and applications of law to undisputed facts. *Blanco v. Att'y Gen.*, 967 F.3d 304, 310 (3d Cir. 2020).

We "review de novo the ultimate legal conclusion as to the existence of a particular social group, while we review the underlying factual findings for substantial evidence." *S.E.R.L. v. Att'y Gen.*, 894 F.3d 535, 543 (3d Cir. 2018) (internal citation and quotation marks omitted). We consider both the BIA and IJ decisions when, as here, the BIA "affirmed and partially reiterated the IJ's determinations." *Blanco*, 967 F.3d at 310 (internal citation and quotation marks omitted).

## III. DISCUSSION

### A. Asylum and Withholding of Removal

To obtain asylum, an alien must prove she has suffered past persecution or reasonably fears future persecution on account of her race, religion, nationality, political opinion, or membership in a particular social group. 8 U.S.C. § 1158(b)(1); 8 C.F.R. § 208.13(b)(1)–(2). For a particular social group to be legally cognizable, it must be 1) composed of members who share a common, immutable characteristic, 2) defined with particularity, and 3) socially distinct within the society in question. *S.E.R.L.*, 894 F.3d at 540 ("*S.E.R.L.* factors") (adopting BIA's three-part test for determining a "particular social group" articulated in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)). The third factor, social distinction, requires "evidence that the society in question," not merely the persecutor, "recognizes a proposed group as distinct." *Id.* at 551.

Ramirez challenges the agency's determination that her proffered particular social group, the immediate family members of Douglas Ramos Corado, is not cognizable

4

because it is not socially distinct in Guatemala. She argues the agency erred by "skipping" to the social distinction factor without analyzing the first two *S.E.R.L.* factors. (Opening Br. at 14–15, Reply Br. at 3–4.) But that does not follow from *S.E.R.L.* The three factors are part of a conjunctive list that constitute a test that petitioner must meet to establish that she belongs to a particular social group. If she fails on one of those, she fails the test. *See S.E.R.L.*, 894 F.3d at 555–57 (denying petition for review because petitioner failed to satisfy social distinction requirement).

We agree with the agency's determination that Ramirez's proposed particular social group fails to satisfy the social distinction requirement.[2] The IJ and BIA both found that Mr. Corado was not so notorious in Guatemala that his family members would be socially distinct, and we are not compelled to conclude otherwise. That the local community perceived Ramirez's daughter and Corado as married suggests familial ties to Ramirez, but that does not compel the conclusion that the entire Corado family was socially distinct in the society in question. *See S.E.R.L.*, 894 F.3d at 556.[3]

---

[2] The BIA also affirmed the IJ's finding that Ramirez was not a part of the immediate family of Mr. Corado because her daughter was not married to Mr. Corado. We disagree that the IJ and BIA improperly focused on this "technicality," (Opening Br. at 14), and it is irrelevant because the family is not a cognizable particular social group anyway.

[3] Ramirez also argues that the BIA improperly relied on *Matter of L-E-A-*, a 2019 Attorney General opinion observing that in most cases, family membership alone will not provide "the kind of identifying characteristics that render the family socially distinct within the society in question." 27 I. & N. Dec. 581, 582 (U.S. Att'y Gen. 2019). We recognize that after Ramirez briefed her petition, the Attorney General vacated *Matter of L-E-A-*. 28 I. & N. Dec. 304 (U.S. Att'y Gen., June 16, 2021) (vacating *Matter of L-E-A-*, 27 I. & N. Dec. 581 (U.S. Att'y Gen. 2019)). But neither the BIA's holding, nor our analysis, depends on *Matter of L-E-A-*. The BIA did not err because Ramirez failed to prove social distinction under *S.E.R.L.*, 894 F.3d at 551. And as discussed below, the agency

Ramirez next argues the agency ignored evidence (a) that she experienced and reasonably feared persecution, and (b) when concluding she was not harmed on account of her membership in the Corado family. We disagree.

The IJ explicitly stated she considered all the evidence Ramirez submitted. The IJ did not have to mention each piece individually. *Green v. Att'y Gen.*, 694 F.3d 503, 509 (3d Cir. 2012). The IJ thoroughly catalogued the various threats, extortion, and criminal behavior Ramirez and her family endured. The record does not compel us to disturb the agency's findings. *Gonzalez-Posadas*, 781 F.3d at 684 n.5.

The agency's legal conclusions about past persecution and Ramirez's reasonable fear of future persecution were also proper. To be sure, Ramirez and her family experienced "unfair, unjust, or even unlawful or unconstitutional" conduct, but that does not alone establish persecution. *Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir. 1993). Threats constitute persecution in "only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm." *Chavarria v. Gonzalez*, 446 F.3d 508, 518 (3d Cir. 2006) (internal citation and quotation marks omitted); *see also Li v. Att'y Gen.*, 400 F.3d 157, 165 (3d Cir. 2005) ("[U]nfulfilled threats, even death threats, d[o] not qualify as past persecution unless highly imminent."). Moreover, economic harm, like the payments demanded from Ramirez, constitutes persecution only if it is so severe that it "constitute[s] a threat to life or freedom." *Fatin*, 12 F.3d at 1240; *see also Shehu v. Att'y Gen.*, 482 F.3d 652, 657 (3d Cir. 2007) (finding no persecution when the gang targeted

properly concluded that even accepting the Corado family as a PSG, Ramirez failed to prove persecution on account of her membership in that group.

6

applicant for economic gain rather than for familial or political affiliations). Ramirez points to no evidence suggesting that the threats or harm she experienced rose to this level.

And substantial evidence supports the agency's findings that her tormentors were not motivated by her membership in the Corado family, even if that was a cognizable social group. The agency found Ramirez's son was threatened for refusing to join the gang, Mr. Corado was killed for unknown reasons, and Ramirez was extorted for monetary gain. These "[c]onflicts of a personal nature and isolated criminal acts do not constitute persecution on account of a protected characteristic." *Gonzalez-Posadas*, 781 F.3d at 685.

We will therefore deny Ramirez's petition for review of the agency's denial of her asylum and withholding of removal claims.[4]

**B.     CAT**

To establish eligibility for CAT protection, it is Ramirez's burden to prove that if removed, she would more likely than not be tortured with the consent or acquiescence of a public official. 8 C.F.R. § 208.16(c)(2); 8 C.F.R. § 208.18(a)(1), (a)(7). The agency must consider "all evidence relevant to the possibility of future torture" including, for example, evidence of past torture and country conditions. *Id.* § 208.16(c)(3). Ramirez argues that the IJ and BIA ignored testimony of her past mistreatment bearing on the likelihood of future torture, and country condition evidence tending to show the Guatemalan government would acquiesce to her torture.

---

[4] Because the withholding of removal standard is "more demanding than that governing eligibility for asylum, an alien who fails to qualify for asylum is necessarily ineligible for withholding of removal." *S.E.R.L.*, 894 F.3d at 544 (internal citation and quotation marks omitted).

We disagree. Contrary to Ramirez's assertion, the IJ specifically recognized her fear of the individuals who harassed her after Corado's murder. The IJ found that testimony, together with the rest of the record, did not prove it was more likely than not Ramirez would be tortured if removed to Guatemala. That follows from the determination that the same alleged mistreatment did not constitute persecution under the less rigorous asylum inquiry. *See Guo v. Ashcroft*, 386 F.3d 556, 561 n.4 (3d Cir. 2004), *as amended* (Dec. 3, 2004) (noting the "more likely than not" burden of proof is heavier than the asylum burden).

We are likewise satisfied that the agency properly engaged with country-condition evidence in concluding the Guatemalan government would not agree to any hypothetical future torture. The IJ recognized that conditions in Guatemala are severe, but noted that police effectively responded to Ramirez's daughter's complaint after the attempted burglary, the only time the family sought police assistance. Our "extraordinarily deferential" substantial evidence standard requires that we leave these findings undisturbed. *Romero*, 972 F.3d at 340 (quoting *Garcia v. Att'y Gen.*, 665 F.3d 496, 502 (3d Cir. 2011)).

## IV. CONCLUSION

For these reasons, we will deny Ramirez's petition for review.